**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KWAI FUN WONG; WU-WEI TIEN
TAO ASSOCIATION,

        Plaintiffs - Appellees,

    v.

DAVID V. BEEBE, a former Immigration
and Naturalization Service (nka
Department of Homeland Security)
Official; UNITED STATES OF
AMERICA,

        Defendants - Appellants.

No. 07-35426

D.C. No. CV-01-00718-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted March 3, 2009
Submission Withdrawn March 4, 2009
Resubmitted May 24, 2010
Portland, Oregon

Before: GRABER, FISHER and M. SMITH, Circuit Judges.

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Kwai Fun Wong filed this 42 U.S.C. § 1983 action alleging that David V. Beebe, former director of the Portland, Oregon, district office of the Immigration and Naturalization Service, violated her Fourth Amendment rights. In 1999, Wong was detained for five days in Multnomah County jails pending her removal from the United States. During her detention she was subjected to two strip searches, allegedly in the presence of men. Beebe appeals the district court's denial of his motion for summary judgment seeking qualified immunity. In light of the recent en banc decision in *Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010), we reverse.

In *Bull*, we upheld a county's blanket policy requiring strip searches of all arrestees classified for housing in the general jail population. *Id.* at 982. Although Wong was searched under a similar policy, she argues that her searches were unconstitutional because she was an immigration detainee rather than a domestic criminal arrestee and because she was searched not only upon her introduction to the general jail population but also upon her transfer between secure jail facilities. We need not decide whether the searches were unconstitutional, however, because even assuming a constitutional violation, Beebe is entitled to summary judgment because the right to be free from strip searches under those circumstances was not "clearly established" in 1999. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see*

2

*also Bull*, 595 F.3d at 978 n.14 (upholding a blanket strip search policy covering not only dangerous detainees but also "persons with no criminal history arrested for trivial offenses," who "pose no credible risk of smuggling contraband into jails" (internal quotation marks omitted)); *Bell v. Wolfish*, 441 U.S. 520, 524 (1979) (upholding a blanket strip search policy covering witnesses in protective custody and persons incarcerated for civil contempt).

Wong also alleges that she was searched in the presence of men, in violation of the county's written policy. If true, the searches may have been unconstitutional. *See Bull*, 595 F.3d at 967. Wong has not produced any evidence, however, suggesting that Beebe knew or should have known that she would be searched in the presence of men. *See Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004). Beebe is therefore entitled to qualified immunity. And Wong has not named as a defendant anyone who performed or authorized such a search.

The parties shall bear their own costs of appeal.

**REVERSED** and **REMANDED.**